————o————

No. 5650.

## EDWARD A. O'ROURKE vs. UNITED WAREHOUSE COMPANY, LIMITED.

### Syllabus.

Questions of fact only are involved.

Appeal from the Civil District Court, Parish of Orleans, Division "C," No. 93,593, Hon. E. K. Skinner, Judge.

L. R. Hoover, for plaintiff and appellant.

W. S. Parkerson, for defendant and appellee.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court as follows:

It is claimed that defendant, who leased from plaintiff for a term of years, held over more than a week after the expiration of the lease, thereby converting the lease by reconduction into one from month to month, and is liable for the stipulated rent of one month, namely, $500.00, for which amount plaintiff sues.

Plaintiff contends that he has established that the lease was reconducted by showing that defendant, until sometime after the termination of the lease, continued to keep its goods and merchandise stored upon the premises; failed to tender or return the keys; neglected to restore the property to the condition existing when the lease was made; and finally omitted to remove from the premises certain elevators that had been erected during the term of the lease.

The facts disclosed by the record do not sustain plaintiff's contentions.

Defendant removed all of its merchandise within five days from the expiration of the lease and immediately notified plaintiff that the premises had been vacated. The buildings were not equipped with locks when the lease was made and consequently the defendant was within its rights when, at the expiration of the lease, it removed and retained those fittings which it had itself installed. Moreover, this action could in no event be construed as a retention of possession on its part, for it certainly in no manner curtailed that free and unrestricted right of access which plaintiff was entitled to and did in fact enjoy. It is true that when the lease expired defendant had omitted to close an opening between the two buildings which it had made during the term. But the lease simply obligated the defendant "to replace any alterations they (it) may make * * * if required by the lessor, at the termination of the lease," and it is shown that defendant closed the opening within a reasonable time after it had been notified to do so by plaintiff after the expiration of the lease. As to the elevators, it is clearly demonstrated that they were permitted to remain upon the premises long after the lease terminated with the full acquiescence of plaintiff, who was meanwhile negotiating to purchase or rent them.

Upon these facts the lower Court properly concluded there could be no reconduction of the lease and rejected plaintiff's claim. It was likewise correct in holding that under the pleadings plaintiff was not entitled to recover in this proceeding compensation for the five days after the expiration of the lease during which defendant continued to keep its merchandise upon the leased premises. But recognizing plaintiff's eventual right to recover compensation for the period stated, the defendant, at the

argument in this Court, has suggested that the judgment be amended so as to presently award this compensation and thus put an end to further controversy or litigation. The plaintiff acquiesces in this suggestion and it will be adopted, the Court fixing the rental value at $16.13 a day, based, in the absence of other evidence, upon the rental stipulated in the lease which existed between the parties.

It is accordingly ordered and decreed that the judgment appealed from be amended and to that end it is recast so as to read as follows:

It is ordered, adjudged and decreed that there be judgment in favor of the plaintiff Edwin A. O'Rourke against the defendant, the United Warehouse Company, Limited, for the sum of eighty and 65/100 dollars ($80.65) with 5% interest thereon from the date of this judgment till paid, the plaintiff to pay the costs of both Courts.

Judgment amended.

Opinion and decree, December 9th, 1912.

Rehearing refused, December 23rd, 1912.

Writ denied, January 6, 1913.